**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        -v-                                          **14-CR-209-S**

**ANDRE JENKINS,**

        **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Andre Jenkins, is charged in a single-count Indictment with, after having previously been convicted of a felony, unlawfully possessing a firearm, namely a Glock, Model 19, 9mm semi-automatic handgun, bearing serial number SN PWT451, in violation of Title 18, United States Code, Section 922(g)(1). Dkt. #1. On June 11, 2015 the defendant filed a motion seeking a hearing pursuant to *United States v. Wade*, 388 U.S. 218 (1967). Dkt. #27. The government filed its opposition to the request for a *Wade* hearing on June 22, 2015. Dkt. #28. Following oral argument held on July 7, 2015, this Court granted defendant's request to file supplemental papers in support of his motion for a *Wade* hearing. The defendant filed his supplemental papers on July 26, 2015. Dkt. #36. Thereafter, the government filed a supplemental response

on August 13, 2015.  Dkt. #38.  For the following reasons, defendant's request for a *Wade* hearing is denied.

## DISCUSSION AND ANALYSIS

In both his original motion and his supplemental motion, the defendant seeks a *Wade* hearing in connection with his request to suppress any prior identification of the defendant, as well as all in-court identification testimony, on the grounds that the prior identification procedure violated the defendant's rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Dkt. ##27 and 36.  In his supplemental motion, the defendant references a single identification of the defendant and relies exclusively on the testimony of North Tonawanda Police Department Detective Robert W. Kalota offered at the *Wade* hearing conducted in Niagara County Court on April 10, 2015 in connection with criminal charges pending in that jurisdiction.  Dkt. #36-1.  Specifically, the defendant relies on three statements made by Detective Kalota at the hearing concerning his interaction with a witness who identified the defendant in a photo array.  First, the defendant relies on a statement made by the witness to Detective Kalota that he/she was a drug addict.  Dkt. #36-1, p.22.  Second, that on cross-examination, Detective Kalota could not say with certainty that the witness was free from the influence of drugs at the time the identification was made; and third, Detective Kalota admitted that the witness was "messed up" at the time the identification was made.  *Id.* at pp.24-25.

> The Court of Appeals for the Second Circuit has ruled that:
>
> When a witness has made a pretrial identification, the analysis of whether he is to be permitted to identify the defendant at trial normally requires a one-step or two-step inquiry. The first question is whether the pretrial identification procedures were unduly suggestive of the suspect's guilt. . . .
>
> If the pretrial procedures were unduly suggestive, the analysis requires a second step; the court must then weigh the suggestiveness of the pretrial process against factors suggesting that an in-court identification may be independently reliable rather than the product of the earlier suggestive procedures.

*United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990). Here, the defendant has failed to come forward with any facts to support the conclusion that the pretrial identification procedures were unduly suggestive of the suspect's guilt. The government has supplied the Court with a copy of the photo array and when asked during oral argument, the defendant could point to nothing to call into question the fairness of the photo array. This Court having reviewed the photo array can find nothing to suggest that it was unfair in any way. Accordingly, absent such facts sufficient to warrant a hearing, the defendant's request for a *Wade* hearing must be denied and the reliability of the identification is a question only for the jury.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED: September 10, 2015
Buffalo, New York

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**